IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

RAFAEL S. MASON,

    Plaintiff,

        v.

MONTGOMERY COUNTY POLICE DEP'T
et al.,

    Defendants.

Civil Action No. 8:13-cv-01077-AW

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is employed as a police officer at the Montgomery County Police Department, Division of Security Services (the Department). Plaintiff has sued both the Department and Montgomery County, Maryland. The Court dismisses Plaintiff's claims against the Department per se because it not a suable entity. *See, e.g.*, *LaPier v. Prince George's County, Md.*, Civil Action No. 10–CV–2851 AW, 2011 WL 4501372, at *3 (D. Md. Sep. 27, 2011) (citing cases).

Plaintiff started working for the Department in 1995. Plaintiff is an African-American male. Plaintiff alleges that he filed a complaint of racial discrimination against the Department in 2008. Doc. No. 1 ¶ 62. However, Plaintiff provides no allegations surrounding this incident. *See id.*

1

Plaintiff was transferred to the Rockville facility in the spring of 2011. Apparently, Plaintiff was a "Security Officer II" (SO II) at this time. Plaintiff alleges that his white supervisors started to harass him upon his transfer to the Rockville facility. Plaintiff sets forth the following allegations to support this assertion: (1) his request to attend a one-day training class was denied even though a lower-ranked white coworker was allowed to attend; (2) a white manager spread false rumors about Plaintiff; and (3) "Mr. Gordy" did not grant his request for a different post assignment even though two white coworkers hardly had to work this assignment.

In September 2011, Plaintiff filed an EEOC charge of discrimination. Plaintiff hurt himself on the job in November 2011. At an unspecified time thereafter, Gordy did not properly submit information for Plaintiff's workers' compensation claim.

In August 2012, Officer Gerharz, a lower-ranked white officer, sent "sensitive information across the Department's intranet to harass and humiliate" Plaintiff. Doc. No. 1 ¶ 24. Sometime thereafter, Plaintiff complained about Gerharz to internal affairs. The complaint was assigned to Gordy. Allegedly, Gordy failed to appropriately investigate Plaintiff's complaint and Gerharz was not disciplined for his conduct. Sometime later, Gordy charged Plaintiff with conduct unbecoming of an officer for allegedly threatening Gerharz. As a result, Plaintiff was demoted to Security Officer I (SO I) and suspended for 160 hours with his pay to be docked accordingly.

In December 2012, Plaintiff was placed on administrative leave with pay pending an internal investigation. Plaintiff adds that he must be at home during his normal tour of duty and is not able to earn overtime pay.

Based on these allegations, Plaintiff filed a Complaint in this Court on April 11, 2013. Doc. No. 1. Plaintiff asserts claims for racial discrimination, retaliation, and hostile work

environment under Title VII, the Maryland Fair Employment Practices Act (MFEPA), and the Fifth and Fourteenth Amendments.[1] On August 12, 2013, the County filed a Motion to Dismiss. Doc. No. 7. The County generally argues that Plaintiff has failed to state facially plausible claims. Plaintiff filed a Response on October 10, 2013. Doc. No. 11. Although Plaintiff argues that he has asserted facially plausible claims, he alternatively requests leave to amend his Complaint. The County has replied and the matter is ripe for review.

## II.     STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court

---

[1] Plaintiff also asserts a claim for "equitable relief." Doc. No. 1 at 23. However, this purported claim is indistinguishable from his discrimination claims and merely reflects a request for equitable relief upon prevailing on these other claims. Therefore, this claim is not properly pleaded. Likewise, the "equitable relief" claim rises and falls with the discrimination claims, all of which lack merit. Accordingly, the Court dismisses this purported claim.

need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. LEGAL ANALYSIS

### A. Title VII

#### 1. *Racial Discrimination*

Plaintiff appears to assert a racial discrimination claim based on his demotion. To establish a prima facie case of discriminatory demotion, Plaintiff must show: (1) he is a member of a protected class; (2) he suffered a demotion; (3) at the time of the demotion, he was performing at a level that met the County's legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class. *Ploplis v. Panos Hotel Grp., LLC*, 84 F. App'x 359, 360 (4th Cir. 2004) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999)). As to element (4), however, there is no categorical requirement that the plaintiff plead that the position was filled by a similarly qualified applicant outside the protected class. *See, e.g., Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978); *Miles v. Dell, Inc.*, 429 F.3d 480, 486–87 & n.3 (4th Cir. 2005); *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003). In appropriate cases, courts may find that the plaintiff has stated a prima facie case despite failing to identify a similarly situated comparator where the plaintiff's allegations support an inference of discrimination. *See Miles*, 429 F.3d at 487–88.

In this case, Plaintiff has failed to plead a facially plausible discriminatory demotion claim. There is no dispute that Plaintiff, as a black male, is a member of a protected class or that

4

Plaintiff suffered a demotion. Furthermore, the Court will assume, without deciding, that Plaintiff has adequately alleged that he was performing at a satisfactory level when the County demoted him. However, Plaintiff has not adequately alleged circumstances surrounding his demotion that give rise to a plausible inference of discrimination. Plaintiff has not alleged that white officers were not demoted despite engaging in comparable conduct. Plaintiff alleges that a white coworker was allowed to attend a one-day training class even though Plaintiff was not. However, the County presumably has other officers, both white and nonwhite, and Plaintiff does not allege whether these officers were allowed to attend the one-day training. Nor does Plaintiff allege who would not let him attend the training class. Assuming it was a white superior, the nexus between this allegation and the allegations surrounding his demotion is unclear. Plaintiff also alleges that a white manager spread false rumors about him. But Plaintiff does not allege that this person was involved in his demotion or that he/she failed to spread false rumors about white officers who engaged in comparable conduct. Plaintiff also alleges discrimination in his post assignments. However, although Plaintiff suggests that he was the only SO II assigned to certain posts, he acknowledges that white officers worked these assignments at times. *See* Doc. No. 1 ¶ 18. Nor is the nexus between this allegation and Plaintiff's demotion apparent.

Plaintiff might argue that not being allowed to attend the one-day training and receiving certain post assignments constitute discriminatory actions in their own right. However, as to being denied one day of training, Plaintiff would still have to satisfactorily plead that he "was not provided training under circumstances giving rise to an inference of discrimination." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002) (citation omitted). Here, one cannot plausibly so infer because of the dearth of allegations regarding the race of the officers who were and were not allowed to attend the class. Nor has Plaintiff pleaded any information

5

about the content of the one-day training and, thus, one could not plausibly infer that not attending it adversely affected "the terms, conditions, or benefits of [his] employment." *Chika v. Planning Research Corp.*, 179 F. Supp. 2d 575, 585 (D. Md. 2002) (citation and internal quotation marks omitted). Plaintiff's allegations regarding discrimination in his post assignment is not actionable, per se, for similar reasons. Although Plaintiff suggests that two white officers did not receive the post assignment as much as he did, he has provided no information regarding the race of the other officers who were or were not required to work this assignment. Furthermore, Plaintiff acknowledges that the two white officers he identified worked the assignment at times, which undercuts the inference that he was singled out because of his race. And because Plaintiff alleges no information regarding the content the post assignment (duties, hours, danger level, etc.), one could not plausibly infer that this assignment "was an adverse employment action." *See Hawkins v. Leggett*, --- F. Supp. 2d ----, Civil Action No. 12–cv–00623 AW, 2013 WL 3218964, at *11 (D. Md. June 24, 2013).

The remaining allegations in the Complaint are devoid of any suggestion of impermissible racial animus. In a nutshell, Plaintiff alleges that he complained formally about discrimination; that Gordy did not properly handle his workers' compensation claim; that Plaintiff had problems with Gerharz; and that he was placed on administrative leave in connection with his conflict with Gerharz. Although Gordy and Gerharz are inferably white, the mere fact that Plaintiff had problems with them is insufficient to sustain a plausible inference of discrimination. At best, these allegations suggest that Plaintiff was dissatisfied with aspects of his job and had a hard time getting along with certain people. *See Hawkins*, 2013 WL 3218964, at *7 (citing cases); *Crockett v. SRA Int'l*, --- F. Supp. 2d ----, Civil Action No. 8:13–cv–00261–

6

AW, 2013 WL 1856447, at *8 (D. Md. May 1, 2013) (citing cases). Accordingly, the Court dismisses Plaintiff's Title VII racial discrimination claim.

  2. *Retaliation*

To establish a prima facie case of retaliation, Plaintiff must show that he engaged in protected activity, that the County took adverse action against him, and that a causal relationship existed between the protected activity and the adverse employment activity." *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (citation omitted).

"An employee may satisfy the first element by showing that she opposed a practice that Title VII prohibits." *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 616–17 (D. Md. 2009)). "One court has defined opposition as 'utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Id.* (quoting *Davis*, 639 F. Supp. 2d at 617). "For such activity to constitute opposition, the plaintiff must have a reasonable and good faith belief that the conduct that she opposes constitutes unlawful discrimination under Title VII." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001)). "Opposition almost always arises when an employee communicates to her employer her reasonable belief that the employer has engaged in discrimination." *Id.* (citing *Crawford v. Metro. Gov't of Nash. & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009)). Alternatively, "it is unlawful 'for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Breeden*, 532 U.S. at 269 (alteration in original) (quoting 42 U.S.C. § 2000e–3(a)).

For an act to be adverse within the meaning of Title VII's antiretaliation provision, the plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). This standard is objective and, to a significant extent, depends on the facts and circumstances of each case. *See id.* at 68–69.

Element three of the prima facie case for retaliation relates to causation. Generally, plaintiffs demonstrate that the alleged opposition caused the at-issue adverse action through two evidentiary routes. First, plaintiffs may show that the adverse act bears sufficient temporal proximity to the protected activity. *See, e.g.*, *Breeden*, 532 U.S. at 273–74. Second, as this Court has consistently held, "plaintiffs may state a prima facie case of causation by relying on evidence other than, or in addition to, temporal proximity where such evidence is probative of causation." *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 881 (D. Md. 2012) (citing cases); *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (holding that "other relevant evidence may be used to establish causation" where temporal proximity is missing.).

In this case, Plaintiff has failed to state a facially plausible retaliation claim. Plaintiff alleges that he first complained about discrimination in 2008. However, the allegedly harassing acts that Plaintiff complains about started no earlier than the spring of 2011, when Plaintiff was transferred to the Rockville facility. This time lag—approximately three years—is insufficient to support a plausible inference that the 2008 complaint caused the post-spring 2011 conduct. Furthermore, it is unclear whether the 2008 complaint was a formal charge of discrimination. If it was not, Plaintiff's allegations would have to support a plausible inference that Plaintiff had a

reasonable belief that he was being discriminated against when he lodged said complaint. Plaintiff's pertinent allegations, to the extent there are any, create no such inference.

Plaintiff's next complaint of discrimination does not come until September 2011, and inferably constitutes a formal charge of discrimination. After this time, Plaintiff alleges that he incurred the following actions: (1) Gordy improperly handled his workers' compensation claim; (2) Gerharz disseminated sensitive information about him via the Department's intranet in August 2012; (3) Gordy improperly investigated Plaintiff's complaint about Gerharz; (4) Plaintiff was placed on paid leave in December 2012 pending an internal affairs investigation; and (5) Plaintiff was demoted to SO I in December 2012.

One could not plausibly infer that actions (1)-(4) are materially adverse. Allegations (1)-(2) are too vague to support a plausible inference that the identified conduct would dissuade a reasonable person from complaining about discrimination. Furthermore, allegation (2) is entitled to no weight because Gerharz is not Plaintiff's supervisor. One must question whether allegation (3) is entitled to the assumption of truth because, read as a whole, Plaintiff's allegations are amenable to the inference that the Department investigated the conflict between Gerharz and Plaintiff. *Cf. Iqbal*, 556 U.S. at 680 (indicating that the first step in reviewing complaints under Rule 12(b)(6) is to identify the allegations entitled to the assumption of truth). Even assuming Gordy did not investigate Plaintiff's complaint about Gerharz, an employer's failure to investigate a complaint of discrimination is generally not considered a materially adverse action. *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 640–41 (10th Cir. 2010); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010). Likewise, as to allegation (4), placing an employee on paid administrative leave with full benefits is typically not considered a materially adverse action. *See Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332

9

(5th Cir. 2009); *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 787 (7th Cir. 2007) (citing cases); *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 594 (6th Cir. 2007) (citation omitted); *Grice v. Baltimore County, Md.*, Civil No. JFM 07–1701, 2008 WL 4849322, at *8 (D. Md. Nov. 5, 2008) (citing cases); *but see Hawkins*, 2013 WL 3218964, at *8 (citing *Blakes v. City of Hyattsville*, 909 F. Supp. 2d 431, 441–42 (D. Md. 2012)). Plaintiff would argue that requiring him to stay at home during his normal shift and precluding him from earning overtime distinguish this case from the typical case where an employee takes paid leave. However, the allegation regarding not being able to leave the house is vague. Moreover, although Plaintiff suggests that he cannot earn overtime, Plaintiff does not allege that he was entitled to work overtime or that he customarily earned it. Accordingly, one could not plausibly infer that action (4) is materially adverse.

Although one could plausibly infer that action (5), the demotion, is materially adverse, Plaintiff's allegations do not sustain a plausible inference that the September 2011 complaint is causally related to his December 2012 demotion. The 15-month time gap that spans the complaint and the demotion does not suggest causation at all. *See Breeden*, 532 U.S. at 274 ("Action taken . . . 20 months later suggests, by itself, no causality at all."). Nor are any of the allegations otherwise probative of causation. Accordingly, the Court dismisses Plaintiff's retaliation claim.

### 3. *Hostile Work Environment*

The Court dismisses Plaintiff's hostile work environment claim summarily. To make out a hostile work environment claim based on race, a plaintiff must show that the offending conduct (1) was unwelcome, (2) was because of his race, (3) was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment, and (4) was

imputable to his employer. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 331 (4th Cir. 2011) (citation omitted). For the reasons stated above, Plaintiff's allegations fail to create a plausible inference that Defendant took the challenged actions on account of Plaintiff's race. Nor is there any suggestion that the conduct was sufficiently severe or pervasive to create an abusive working environment. As stated, Plaintiff's allegations do no more than to suggest that he was unhappy with aspects his job and had a hard time getting along with certain people. Accordingly, the Court dismisses Plaintiff's hostile work environment claim.

**B.     MFEPA**

Plaintiff's MFEPA claims are judged under the same standards as Title VII. *See, e.g.*, *Hawkins*, 2013 WL 3218964, at *17 (citation omitted). Therefore, as the Court has dismissed all of Plaintiff's Title VII claims, it dismisses his duplicative MFEPA claims.

**C.     Fifth/Fourteenth Amendments**

Plaintiff also asserts an equal protection claim under 42 U.S.C. § 1983. Such claims are generally evaluated under the same standards as Title VII as well. *See, e.g.*, *Hawkins*, 2013 WL 3218964, at *14–15. Therefore, the Court dismisses Plaintiff's duplicative constitutional claims. These claims also fail as a matter of law because Plaintiff asserted them against the County—not a state actor in his individual capacity—and has failed to plead that "the execution of a policy or custom of the municipality caused the [alleged] violation[s]." *Id.* at *15 (citation and internal quotation marks omitted).

**D.     Request to Amend Complaint**

The Court grants Plaintiff's request to amend the Complaint. This Court has traditionally given parties an opportunity to cure defective pleadings. Although this effort may ultimately prove futile, Plaintiff deserves an opportunity to address the pleading deficiencies outlined

above. Accordingly, in view of the upcoming holiday season, the Court gives Plaintiff until January 13, 2014 to file an Amended Complaint. The Court cautions Plaintiff that the failure to state facially plausible claims a second time around may result in the dismissal of his claims with prejudice.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order memorializing the rulings herein follows.

| December 13, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |