IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RAFAEL MASON, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-13-1077 |
| MONTGOMERY COUNTY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Following the December 13, 2013 Order, ECF No. 14, in which Judge Williams[1] granted Defendant Montgomery County and former Defendant Montgomery County Police Department's Motion to Dismiss, but granted Plaintiff Rafael Mason until January 13, 2014 to amend his complaint, Plaintiff filed a Motion for Leave to File Amended Complaint Out of Time, *Nunc Pro Tunc*, ECF No. 17, on January 14, 2014, having missed the deadline by one day. Plaintiff filed his proposed Amended Complaint with his motion. ECF No. 17-2. Plaintiff stated that "counsel inadvertently missed the deadline" by "accidentally calendar[ing] [the deadline] for January 14, 2014 instead of January 13, 2014." Pl.'s Mot. 1. For the reasons that follow, I will grant Plaintiff's motion, which Defendant opposes, ECF No. 18.[2]

---

[1] This case was reassigned to me on December 19, 2013. Docket.

[2] Plaintiff has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6

Fed. R. Civ. P. 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

> Whether neglect is "excusable" has been described by the Supreme Court as "at bottom an equitable [inquiry], taking account of all relevant circumstances," including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).
>
> [T]he third *Pioneer* factor—the reason for the delay—is the "most important." *Thompson*, 76 F.3d at 534.

*Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013).

In *Fernandes*, the plaintiff's attorney had until December 26, 2012 to file a motion for attorney's fees following the entry of judgment in his party's favor. But, "Fernandes's lawyer did not learn of the judgment until December 27, 2012—one day too—late [sic] because the Notice of Electronic Filing ("NEF") heralding the judgment had been diverted to his email system's "junk mail" folder." *Id.* at 275 (footnote omitted). On December 27, 2012, Plaintiff filed both his tardy motion for attorney's fees and a motion for a one-day extension. *Id.* The district court denied the motions, "explaining that the lawyer's failure to meet the filing deadline amounted to nothing more than 'run of the mill inattentiveness.'" *Id.* The Fourth Circuit vacated the district court's decision, reasoning that "there [was] nothing in th[e] record suggesting that Fernandes's lawyer was aware of any computer problems, that he was willfully blind to the status of the electronic docket, or that he made a strategic choice to remain ignorant of the district court's judgment." *Id.* at 276.

Here, as in *Fernandes*, Plaintiff's error was inadvertent and not an example of willful blindness. *See id.* And, as in *Fernandes*, Plaintiff immediately filed his motion upon realizing

he missed the deadline, only one day later. *See id.* at 275. It is true that "court deadlines are not mere suggestions or guideposts," *Metts v. Airtran Airways, Inc.*, No. DKC-10-466, 2010 WL 4183020, at *6 (D. Md. Oct. 22, 2010), and the Maryland Rules of Professional Conduct require that counsel "make reasonable efforts to expedite litigation consistent with the interests of the client," Md. R. Prof'l Conduct R. 3.2; *see* Loc. R. 704. Yet, it also is true that the federal courts "favor . . . resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Certainly, "[a] party may be excused from a single or occasional failure to meet a scheduling deadline, and a court ought to be mindful that even the most diligent lawyer or ardent party may need an extension of time to meet filing obligations." *Wonasue v. Univ. of Md. Alumni Assoc.*, No. PWG-11-3657, 2013 WL 5719004, at *3 (D. Md. Oct. 17, 2013). Thus, given that the delay was *de minimus* and occasioned by a small, typographical error; there was no prejudice; and Plaintiff demonstrated that he acted in good faith, I find that the neglect was excusable. *See Fernandes*, 538 F. App'x at 276.

As for good cause, the "'primary consideration'" in determining whether good cause exists "is 'the movant's diligence.'" *Johnson v. Balt. City Police Dep't*, No. WDQ-12-646, 2013 WL 1833021, at *3 (D. Md. Apr. 30, 2013) (quoting *Mesmer v. Rezza*, No. DKC-10-1053, 2011 WL 5548990, at *5 (D. Md. Nov. 14, 2011)). Indeed, "'[l]ack of diligence and carelessness are the hallmarks of failure to meet the good cause standard.'" *Id.* (quoting *Mesmer*, 2011 WL 5548990, at *5) (internal quotation marks omitted)). Here, as noted, Plaintiff diligently filed his motion for an extension and the untimely motion to amend within one day of his deadline. Therefore, I find that the good cause standard has been met, albeit narrowly.

Accordingly, it is, this 15th day of September, 2014, hereby ORDERED that

3

1. Plaintiff's Motion for Leave to File Amended Complaint Out of Time, *Nunc Pro Tunc*, ECF No. 17, IS GRANTED;

2. Plaintiff's Amended Complaint, ECF No. 17-2, is the operative complaint; and

3. Defendant IS DIRECTED to file a response by October 6, 2014.

Plaintiff is cautioned that any further delays will not be tolerated.

/S/
Paul W. Grimm
United States District Judge

lyb