**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **RAFAEL S. MASON,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-13-1077** |
| **MONTGOMERY COUNTY, MARYLAND,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This litigation began with an employment discrimination and retaliation suit that Plaintiff

Rafael Mason[1] filed in this Court against Defendants Montgomery County, Maryland (the

"County") and Montgomery County Police Department (the "Department").  Compl., ECF No. 1

in PWG-13-1077 ("*Mason I*").  Judge Williams, who presided over the case at the time,

dismissed *Mason I* as to the Department, but allowing Mason to file an amended complaint as to

the County.  ECF Nos. 13, 14.  Mason amended, ECF No. 21, and filed a second employment

discrimination and retaliation suit against the County, Compl., ECF No. 1 in PWG-14-3718

("*Mason II*").  In *Mason II*, Mason claimed, *inter alia*, that, after he "regularly complained,

verbally and in writing, to his supervisors about the disparate treatment he was being subjected

to; filed complaints with Internal Affairs about the disparate treatment; and filed charges of

discrimination with the EEOC," including "a third EEOC Charge [that he filed] on or around

September 2013 based on race, retaliation and hostile work environment," the County retaliated

---

[1] Mason had counsel when he filed suit and during the pendency of the motions to dismiss.  His
counsel withdrew her appearance on March 23, 2016, the day that the County sought leave to file
the pending Motion for Summary Judgment.  ECF Nos. 30, 31, 32 in PWG-14-3718.

by terminating him, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

*et seq.*, and the Maryland Fair Employment Practices Act ("Maryland Act").  Am. Compl. ¶¶ 63–

82, 106–31 in *Mason II*.  The County moved to dismiss in both cases, and I issued a

Memorandum Opinion and Order consolidating the cases and dismissing all but Mason's

retaliation claims based on his termination.  Mem. Op. & Order, ECF Nos. 28, 29 in *Mason I*.

With regard to his retaliation claims in *Mason II*, the County had argued that Mason's

allegation that he "regularly complained . . . to his supervisors" was "too vague to establish a

protected activity," and his previous two EEOC complaints were "too distant in time from his

termination to provide any suggestion of a causal link."  Def.'s Reply re Dismissal 8, ECF No. 9

in *Mason II*.  The County also contended that Mason did not allege that it knew of the one

concrete, temporally proximate protected activity that he identified—his September 2013 EEOC

charge—when it terminated him, and therefore, he failed to show a causal relationship between

his protected activity and his termination.  *Id.* at 10.  I denied the motion, observing that in his

proposed amended complaint in *Mason II*, ECF No. 8-3, Mason alleged that "'the EEOC notified

the Department of Plaintiff's September 2013 Charge within ten (10) days of the Charge being

filed,'" such that it knew of the charge when it terminated him.  Mem. Op. 16–17.  Additionally,

I took "judicial notice of the EEOC's website, which states that, '[w]ithin 10 days, [the EEOC]

will . . . send a notice and a copy of the charge to the employer,' to conclude that "the Amended

Complaint adequately pleads notice to the County of Plaintiff's prior protected activity." *Id.* at 16

(citing http://www.eeoc.gov/employees/process.cfm; Fed. R. Evid. 201(b)). [2]

---

[2] The County asserts that "[t]he September 2013 Charge is the only EEOC activity that the Court
noted as relevant to the claim for retaliation."  Def.'s Mem. 3. I did not address the other alleged
protected activities in my Memorandum Opinion because I concluded that Mason sufficiently
alleged a causal relationship between his third EEOC Charge and his termination.  Mason does
not argue now that any of his other complaints could constitute protected activity with a

Now pending is the County's Motion for Summary Judgment and Memorandum in Support, ECF Nos. 42, 42-1,[3] in which it asserts that Mason cannot demonstrate the causal relationship to establish a prima facie case of retaliation because, "through discovery, it has been revealed that the County did not receive notice of the September 2013 Charge until October 31, 2013, at least *8 days after* the Notice of Disciplinary Action (NODA), terminating Plaintiff's employment, was issued." Def.'s Mem. 4.  Mason insists that "management was aware of [his] filing EEOC charges," Pl.'s Opp'n 1, and he provides an affidavit to that effect, Thornton Aff., Jt. Ex. 19–20, ECF No. 48.  But, because Mason has not identified more than a scintilla of direct

---

sufficient causal relationship to his termination.  Rather, he simply argues that he "was falsely terminated from employment after notifying Management that [he] was planning to file an EEOC charge against Montgomery County," Pl.'s Opp'n 1.  In any event, he offers no evidence of a causal relationship between these earlier complaints and his termination, and to the extent he alleges when he made these complaints, they are too temporally distant to show a causal connection. *See Johnson v. United Parcel Serv., Inc.*, No. RDB-14-4003, 2016 WL 4240072, at *6–7 (D. Md. Aug. 11, 2016) (observing that "the Supreme Court and the Fourth Circuit have repeatedly emphasized, temporal proximity must be 'very close' to show a causal connection," and "[o]n this reasoning, the Fourth Circuit has rejected gaps of as little as two months"; finding that "lengthy gap" of "nearly two months . . . far from indicating a causal connection, instead 'negates the inference of discrimination'" (quoting *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004), *abrogation on other grounds recognized in Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015)); citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005) (no causation with two-month gap); *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (no causation with three- or four-month gap)); *see Lewis v. Baltimore City Bd. of Sch. Commissioners*, No. CCB-14-3363, 2016 WL 2939695, at *5 (D. Md. May 20, 2016) ("In order for temporal proximity alone to satisfy the causation prong of the prima facie case, the temporal proximity must be very close.").

[3] The parties fully briefed the motion. ECF Nos. 42-1, 45, 47-1. A hearing is not necessary.  Loc. R. 105.6.  The County filed a "Praecipe Regarding Defendant's Amended Memorandum of Law in Support of Defendant's Reply to Plaintiff's Opposition to its Motion for Summary Judgment," explaining that it was submitting an Amended Reply to correct errors in the original Reply, ECF No. 47.  A "praecipe" is an archaic legal term to describe a written request filed with the court seeking the issuance of a writ or other action. *See* http://www.meriam-webster.com/dictionary/preacipe.  Rule 7 long ago eliminated the need to resort to these common law pleading relics, permitting any request for a court to issue an order to be in the form of a motion. Fed. R. Civ. P. 7(b)(1).  I will continue the County's Praecipe as a motion to amend its memorandum of law, and grant it. *See* Fed. R. Civ. P. 1.

evidence that Police Chief J. Thomas Manger, who ultimately authorized his termination, knew

about his EEOC charges, he cannot establish a prima facie case of retaliation.  Accordingly, I

will grant the County's Motion for Summary Judgment.

## **Factual Background**

Mason does not challenge the County's presentation of the material facts:

> Plaintiff filed EEOC Charge No. 531-2013-02423 on September 19, 2013.
> On October 23, 2013, Chief Manger authorized and issued the Notice of
> Disciplinary Action, terminating Plaintiff's employment effective November 19,
> 2013.  The October 23rd Notice of Disciplinary Action served as the final
> decision and notice regarding Plaintiff's employment termination.  On October
> 30, 2013, the EEOC dismissed Charge No. 531-2013-02423. . . . [T]he first and
> only notice of Charge No. 531-2013-02423 sent to Defendant by the EEOC is
> dated October 31, 2013.[]

Def.'s Mem. 4.  And, although the County states that Mason disputes whether the October 31,

2013 notice was the only notice that the EEOC sent the County, *see id.* at 4 n.2, Mason neither

disputes the statement in his Opposition nor offers any evidence to the contrary.

Mason does, however, offer evidence in the form of Montgomery County Police

Department Shift Supervisor Francis Thornton's Affidavit, in which he stated that Mason

"informed [him] that he would be filing charges with the EEOC," and that "[i]n September 2013,

[Thornton] informed Lieutenant Leonard Herringa, who was in management for the Defendant,

that the Plaintiff was planning on filing new charges with the EEOC."  Thornton Aff. ¶¶ 7–8, Jt.

Ex. 19.  Sergeant Thornton also stated that "[i]n October 2013, [he] informed Lieutenant

Leonard Herringa that the Plaintiff had filed new charges with the EEOC," and that he "informed

Lieutenant Leonard Herringa about this filing before the Plaintiff was terminated."  *Id.* ¶¶ 10–11,

Jt. Ex. 20.

The record also includes affidavits from Chief Manger and Rosemarie Rhodes, Director of the EEOC Baltimore Field Office.  Jt. Ex. 1–3, 13–14.  According to Chief Manger, the County issued the Notice of Disciplinary Action ("NODA") to Mason on October 23, 2013, and it "served as the final decision and notice regarding Plaintiff's employment termination." Manger Aff. ¶ 12, Jt. Ex. 2.  Significantly, Chief Manger "authorized the Notice of Disciplinary Action," and he did "not recall receiving any notice regarding EEOC Charge No. 531-2013-02423 at the time of or prior to the issuance of the October 23rd NODA."  *Id.* ¶¶ 15–16, Jt. Ex. 3. Rhodes stated that "[t]he first and only notice of Charge No. 531-2013-02423 sent to Defendant, Montgomery County, Maryland, by the EEOC is dated October 31, 2013."  Rhodes Aff. ¶ 13, Jt. Ex. 14.  The notice appears as Exhibit B to Rhodes's Affidavit.  Jt. Ex. 17.

### Standard of Review

In reviewing a motion for summary judgment, the Court considers the facts in the light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. *Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009).  Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013).  Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(3), and supporting affidavits and declarations "must be made on

personal knowledge" and "set out facts that would be admissible in evidence," Fed. R. Civ. P. 56(c)(4).

If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317, 324 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id*. This means that the nonmovant "'must do more than simply show that there is some metaphysical doubt as to the material facts,'" because "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (footnote omitted)).

> "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (quoting *Anderson*, 477 U.S. at 247–48).

## **Retaliation**

To succeed on a retaliation claim under Title VII or the MFEPA, a plaintiff must show that (1) he "'engaged in protected activity,'" (2) the employer "'took adverse action against [him],'" and (3) "'a causal relationship existed between the protected activity and the adverse

employment activity.'"[4] *Westmoreland v. Prince George's Cnty., Md.,* 876 F. Supp. 2d 594, 612

(D. Md. 2012) (quoting *Price v. Thompson,* 380 F.3d 209, 212 (4th Cir. 2004)); *see Coates v.*

*Vilsack*, No. PWG-12-1787, 2015 WL 1013402, at \*4 (D. Md. Mar. 6, 2015).   "'Since, by

definition, an employer cannot take action because of a factor of which it is unaware, the

employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to

establish the third element of the prima facie case.'" *Wright v. Sw. Airlines*, 319 F. App'x 232,

234 (4th Cir. 2009) (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d

653, 657 (4th Cir. 1998)).   The County contends that Mason cannot demonstrate the third

element, causation, because Chief Manger, the "'decision maker'" who authorized Mason's

termination, did not know about Mason's September 19, 2013 EEOC complaint at the time he

terminated him.   Def.'s Mem. 9–10.   Mason counters that, because he informed Sergeant

Thornton and Sergeant Thornton informed Lieutenant Herringa, "management was aware of

[his] filing EEOC charges."   Pl.'s Opp'n 1–3.   In this regard, *Wright*, 319 F. App'x 232, is

informative.

In *Wright*, where causation hinged on the employer's knowledge of the plaintiff's Family

Medical Leave Act ("FMLA") request, the Fourth Circuit observed that "it appear[ed] accurate

that *certain airline officials* were aware of Wright's FMLA request," but the plaintiff "utterly

fails to demonstrate that *the particular supervisors involved in her termination* possessed such

knowledge."   319 F. App'x at 234 (emphasis added).   Moreover, "the undisputed affidavits of

Wright's supervisors attest that they were unaware of Wright's FMLA request, and the affidavit

---

[4] "The MFEPA 'is the state law analogue of Title VII.'" *Royster v. Gahler*, --- F. Supp. 3d ----, 2015 WL 9582977, at \*4 (D. Md. Dec. 31, 2015) (quoting *Alexander v. Marriott Int'l, Inc.*, No. RWT-09-02402, 2011 WL 1231029, at \*6 (D. Md. Mar. 29, 2011); citing *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 743 n.8 (Md. 2007)).   Therefore, I will analyze Allen's retaliation claims under federal and state law together.

of the FMLA Coordinator for Southwest attests that she did not inform Wright's supervisors of the request." *Id.* On that basis, the Fourth Circuit affirmed the district court's grant of summary judgment based on its conclusion that "[a]s Wright failed to allege facts sufficient to prove that *the supervisors responsible for her termination had knowledge of her FMLA request*, she was unable to establish a prima facie retaliation claim." *Id.* (emphasis added).

Here, the undisputed evidence establishes that, before Chief Manger terminated Mason on October 23, 2013, Sergeant Thornton knew of Mason's September 19, 2013 EEOC complaint and "informed Lieutenant Herringa, who was in management," about it.  Thornton Aff. ¶¶ 7–8, 10–11.  Glaringly lacking is any evidence that Lieutenant Herringa was involved in the decision to terminate Mason, that Sergeant Thornton or Lieutenant Herringa informed *Chief Manger* about the EEOC complaint, or that *Chief Manger* learned of the complaint through any other avenue prior to Mason's termination.  Rather, there is evidence in the form of Chief Manger's own Affidavit that he did "not recall receiving any notice regarding EEOC Charge No. 531-2013-02423 at the time of or prior to the issuance of the October 23rd NODA."  Manger Aff. ¶¶ 15–16, Jt. Ex. 3.  And, there is corroborating evidence that "[t]he first and only notice of Charge No. 531-2013-02423 sent to Defendant, Montgomery County, Maryland, by the EEOC is dated October 31, 2013," eight days after Mason's termination.  Rhodes Aff. ¶ 13 & Ex. B, Jt. Ex. 14, 17.

Thus, as in *Wright*, there is not sufficient evidence to show that Chief Manger in particular, as the "supervisor[] responsible" for terminating Mason, knew of Mason's September 19, 2013 EEOC complaint.  *See Wright*, 319 F. App'x at 234.  Insofar as Mason may speculate that other members of "management" participated in the decision to terminate him, *see* Pl.'s Opp'n ¶ 6 ("*Management* was aware that I was filing EEOC charges against the Montgomery

County, and that's when *they* had me terminated from my employment." (emphasis added)), the argument fails for the same reason: Mason has not shown that Lieutenant Herringa or any other unidentified member of "management" was involved in terminating Mason or that anyone other than Lieutenant Herrings knew about Mason's EEOC complaint.  *See Wright*, 319 F. App'x at 234.

Based on the evidence before me, it is not reasonable to infer that Chief Manger (or any other unidentified member of "management") knew of the EEOC complaint before deciding to terminate Mason.  It is mere speculation based on a "scintilla of evidence" that no reasonable jury could find as a matter of fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Mason "may not create a genuine issue of material fact [to defeat summary judgment] through mere speculation, or building one inference upon another." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). Summary judgment on Mason's retaliation claims is appropriate.  *See id.*; *Wright*, 319 F. App'x at 234.

## Conclusion

In sum, the County's Motion for Summary Judgment will be granted.  The County's request to amend its Reply also will be granted.  Judgment will be entered in the County's favor and the Clerk will close this case.

## ORDER

Accordingly, it is, this 23rd day of August, 2016 hereby ORDERED that

1. The County's Motion for Summary Judgment, ECF No. 42, IS GRANTED;

2. The County's request to amend its Reply, ECF No. 47, IS GRANTED;

3. Judgment IS ENTERED in the County's favor; and

4. The Clerk SHALL CLOSE this case and PWG-14-3718.

_____/S/_____

Paul W. Grimm
United States District Judge

lyb